**The below described is SIGNED.**

**Dated: August 21, 2013**





**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted by:*

Matthew M. Boley, Esq. (8536)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone: (801) 363-4300
Facsimile:  (801) 363-4378
E-mail: mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
NUMIRA BIOSCIENCES INC.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 13-27663 JTM |
| **NUMIRA BIOSCIENCES INC.**, | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

### ORDER AUTHORIZING THE USE OF CASH COLLATERAL
### ON A FINAL BASIS
### (FOR THE PERIOD ENDING AUGUST 21, 2013)

This matter came before the Court on August 21, 2013 at 2:00 p.m. for the final hearing upon the motion to use cash collateral, dated July 8, 2013 [Docket No. 10] (the "**Motion**"), filed by debtor and debtor-in-possession Numira Biosciences Inc. (the "**Debtor**").  Appearances of counsel and other parties-in-interest were made on the record of the hearing.

Based on the evidence received by the Court and/or adduced at the preliminary hearing on the Motion held on July 15, 2013 and any additional evidence offered at the August 21, 2013 hearing, considering the representations and statements of counsel, in light of the absence of any objection to the Motion, and the Court having made findings of fact and conclusions of law on

{00173921.DOC /}                                    2

the record of the hearing, which findings and conclusions are incorporated into this Order by reference, the Court hereby

**FINDS AND CONCLUDES** as follows:

A. the Court has jurisdiction under 28 U.S.C. §§ 157 and 1334;

B. this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O);

C. no examiner or trustee has been appointed in this case;

D. notice of the Motion, and of both the preliminary and final hearings thereon, was and is adequate and proper within the meaning of 11 U.S.C. § 102(1) and Federal Rule of Bankruptcy Procedure 4001(b);

E. the expenses identified on the budget attached hereto as Exhibit "A" are actual and necessary costs and expenses of preserving the Debtor's chapter 11 bankruptcy estate;

F. the following entities claim, or may claim, an interest in the Debtor's cash collateral (collectively, the "**Cash Collateral Lienors**"): (a) UTFC Fund II, LLC ("**UTFC**"); (b) Porter Capital Corporation ("**Porter**"); and (c) a group of co-lenders represented by vSpring III, L.P. ("**vSpring**") as collateral agent;[1]

G. to the extent that the Cash Collateral Lienors and/or other creditors (collectively, the "**Affected Creditors**") have an interest in the Debtor's pre-petition cash and/or pre-petition assets of the Debtor which will result in cash proceeds (collectively, the "**Cash Collateral**"), then the Affected Creditors are adequately protected by the replacement liens and other adequate protection rights granted hereunder.

WHEREFORE, based upon the Motion, the foregoing findings and conclusions and other matters of record, and good cause appearing, it hereby is

**ORDERED** that:

1. The Motion is GRANTED on a final basis, as more particularly described below.

---

[1] The co-lender's represented by vSpring as collateral agent include: vSpring; various affiliates of vSpring (including vSpring III D, LP, vSpring III, (SP) LP and/or vSpring Partners III LP); Crocker Ventures, LLC ; Dave Weinstein LLC; Dinesh Patel; JLS Holdings, LLC; Kickstart Capital, LLC; and other persons.

{00173921.DOC /}                            3

2. The Debtor is authorized to use and spend Cash Collateral to pay expenses as consistent with and identified on the budget attached hereto as **Exhibit "A"** (the "**Budget**") to the extent of the amounts reflected on the Budget for the period from July 5, 2013 through the expiration of this order. The Debtor may exceed the amounts budgeted for individual line items on the Budget by up to ten percent (10%). Further, savings in prior periods may be carried forward to permit greater expenditures in later periods.

3. With the express written consent of the Affected Creditor(s) having the first priority lien interest therein, the Debtor may use and spend Cash Collateral beyond or in addition to the amounts reflected in the Budget to pay any additional costs or expenses that arise in the ordinary course of the Debtor's business.

4. Affected Creditors shall receive, and shall be afforded, the following rights and treatment as "adequate protection" for the Debtor's use of cash collateral (collectively, the "**Adequate Protection Rights**"):

    a. the Debtor will pay adequate protection payments to UTFC in the amount of $3,500 per month;

    b. the automatic stay arising under 11 U.S.C. § 362(a) shall be modified to authorize Porter (i) to collect the specific accounts that the Debtor factored with Porter prepetition, (ii) to recover and apply the amounts collected according to the terms and conditions of that certain *Recourse Receivable Purchase & Security Agreement*, between Porter and the Debtor, and (iii) to return and forward any excess amounts and all other amounts to the Debtor;

    c. to the extent that the Debtor uses cash and to the extent that such cash constitutes "cash collateral" of the Affected Creditors within the meaning of 11 U.S.C. § 363, then to the extent such use of cash results in a diminution, in the aggregate, in the amount of the collateral of the Affected Creditors as the same existed on July 5, 2013 (the "**Petition Date**"), as adequate protection for the Debtor's use of the same, the Affected

Creditors hereby are granted a properly perfected security interest and replacement lien (the "**Replacement Lien**") in all pre-petition and post-petition assets of the Debtor (excepting chapter 5 claims) to the extent of such diminution.  The lien and security agreement granted hereunder shall be in addition to the liens, if any, that the Affected Creditors had in the assets and property of the Debtor as of the Petition Date.

5. The post-petition lien granted to the Affected Creditors will be shared, as they are identified, with other secured creditors holding a perfected lien upon pre-petition cash or other pre-petition property resulting in cash proceeds. The priority of each such secured creditor's replacement lien upon post-petition property will be based on the priority each secured creditor held in the Cash Collateral of the debtor as of the Petition Date. Such priority shall be determined by agreement of the secured creditors and/or by order or judgment of the Court.

6. Nothing in this Order shall be deemed to determine the extent, validity, or priority of the alleged claims or liens of the Affected Creditors.

7. The authority granted by this Order shall expire on August 21, 2013, at the hour of 11:59 p.m. (Mountain Time).

------------------------------------ END OF DOCUMENT ------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER** should be to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- Matthew M. Boley    mmb@pkhlawyers.com, jh@pkhlawyers.com
- Mona Lyman Burton    mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Victor P Copeland    vpc@pkhlawyers.com, js@pkhlawyers.com
- Joseph M.R. Covey    calendar@parrbrown.com
- George B. Hofmann    gbh@pkhlawyers.com, dh@pkhlawyers.com
- Robert Lund    robertelund@gmail.com
- Sherilyn A. Olsen    solsen@hollandhart.com, slclitdocket@hollandhart.com;intaketeam@hollandhart.com;ckelly@hollandhart.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☒    None

☐    If there are additional parties list the names and addresses of the additional parties.

☐    All parties on the Court's official case matrix.

/s/ Matthew M. Boley

{00173921.DOC /}    6

**Exhibit "A"**

{00170242.DOCX /}

| | Week of: 8-Jul | Week of: 15-Jul | Week of: 22-Jul | Week of: 29-Jul | Week of: 5-Aug | Week of: 12-Aug | Week of: 19-Aug | Week of: 26-Aug | Week of: 2-Sep |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ 81,605.78 | $ 35,067.06 | $ (54,343.27) | $ (70,764.05) | $ (177,008.61) | $ (197,554.01) | $ (318,461.10) | $ (296,939.47) | $ (332,622.19) |
| Total Inflows | $ 10,750.00 | $ 31,149.50 | $ 20,792.98 | $ 10,353.00 | $ 23,720.71 | $ 24,685.29 | $ 57,721.63 | $ 98,542.63 | $ 25,360.69 |
| Outflows | | | | | | | | | |
| Payroll | | (90,901.68) | | (97,609.39) | | (108,454.88) | | (113,737.18) | |
| Payroll Processing | | (160.00) | | (160.00) | | (300.00) | | (160.00) | |
| Payroll Bank Fees | | (63.00) | | (63.00) | | (75.41) | | (63.00) | |
| 401K | | | (5,013.76) | | (5,000.00) | | (5,000.00) | | (5,000.00) |
| Operating Bank Fees | | | | | | | | | |
| FSA | (200.00) | (200.00) | (200.00) | (200.00) | (200.00) | (200.00) | (200.00) | (200.00) | (200.00) |
| Loan payments: | | | | | | | | | |
| Innoventure | | | | | (39.84) | | | (3,565.17) | |
| Employee Reimbursements | | | | (3,565.17) | (15,504.11) | | | (1,000.00) | (2,000.00) |
| Royalties | | | (6,000.00) | (1,000.00) | | | | (1,000.00) | |
| Health Insurance | (17,811.01) | | | | | (17,811.01) | | | |
| Other Insurance | (6,311.75) | | | | | | | | (1,113.89) |
| Rent | | (15,951.11) | | (12,000.00) | (14,000.00) | (14,751.09) | | (5,500.00) | (14,000.00) |
| Utilities | (1,522.16) | | | | (1,522.16) | | | | (1,522.16) |
| Scanner Rent | (26,443.80) | | (26,000.00) | | | | (26,000.00) | | |
| Debtor's Accountant | (5,000.00) | | | | (5,000.00) | | | | (5,000.00) |
| Debtor's Counsel | | (10,000.00) | | | | | | | |
| Utah State Use Tax | | | | | | | | (4,000.00) | |
| Other A/P | | (3,284.04) | | (2,000.00) | (3,000.00) | (4,000.00) | (5,000.00) | (5,000.00) | (5,000.00) |
| Total outflows | (57,288.72) | (120,559.83) | (37,213.76) | (116,597.56) | (44,266.11) | (145,592.39) | (36,200.00) | (134,225.35) | (33,836.05) |
| Net cash flow | (46,538.72) | (89,410.33) | (16,420.78) | (106,244.56) | (20,545.40) | (120,907.09) | 21,521.63 | (35,682.72) | (8,475.36) |
| Ending cash | $ 35,067.06 | $ (54,343.27) | $ (70,764.05) | $ (177,008.61) | $ (197,554.01) | $ (318,461.10) | $ (296,939.47) | $ (332,622.19) | $ (341,097.55) |
| Cash Available from Factoring | 43,970.55 | 69,331.32 | 139,763.98 | 193,363.01 | 324,905.18 | 349,914.80 | 374,674.07 | 426,009.46 | 435,397.64 |
| Cumulative Financing Charge for Factoring | (0.00) | (1,510.23) | (2,237.99) | (2,237.99) | (3,023.69) | (3,788.93) | (5,578.30) | (8,633.12) | (9,419.31) |
| Ending Cash with Full Factoring | 79,037.61 | 13,477.81 | 66,761.94 | 14,116.42 | 124,327.49 | 27,664.77 | 72,156.30 | 84,754.15 | 84,880.78 |